UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

FRANK J. MEROLA, in his official capacity as
Clerk of the County of Rensselaer, New York,

                             *Plaintiff*,

        -against-

ANDREW M. CUOMO, in his official capacity as
Governor of the State of New York,
LETITIA A. JAMES, in her official capacity as
Attorney General of the State of New York, and
MARK J.F. SCHROEDER, in his official capacity as
Commissioner of the New York State Department of
Motor Vehicles,

                             *Defendants*.
_____

**ANSWER**

1:19-CV-0899

(GLS/TWD)

        Defendants Andrew M. Cuomo, Letitia A. James and Mark J.F. Schroeder ("Answering Defendants"), by their attorney, Letitia James, Attorney General of the State of New York, Keith J. Starlin, Assistant Attorney General, of counsel, answers the Complaint of the plaintiff (referred to hereinafter as the "Complaint"), dated and filed July 24, 2019 (Dkt. 1), as follows:

        1.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 1, 2 and 56 of the Complaint, though to the extent the allegations therein could be construed to assert, allege or imply any wrongdoing or violation of statutory, regulatory, constitutional or case law by Answering Defendants, they are denied.

        2.      Deny the allegations in paragraphs 3, 4, 6, 7, 20, 22, 36, 37, 46, 49 – 51, 53, 55, 60 – 67, 74, 75, 77, 82 – 88 of the Complaint.

        3.      Admit the allegations in paragraphs 5, 9 and 31 of the Complaint.

        4.      With respect to the allegations in paragraphs 10 - 12 of the Complaint, Answering Defendants respectfully refer the Court to the applicable statutory authority for a complete

description of the duties and responsibilities of the entities referred to therein, and note that defendant Mark J.F. Schroeder also maintains an office in Buffalo, New York as well as in Albany, New York.  To the extent the allegations therein could be construed to assert, allege or imply any wrongdoing or violation of statutory, regulatory, constitutional or case law by Answering Defendants, they are denied.

      5.      Upon information and belief, the allegations contained in paragraph 13 of the Complaint constitutes plaintiff's characterization that he is suing defendants in their official capacity, to which a response is not necessary. To the extent the allegations therein could be construed to assert, allege or imply any wrongdoing or violation of statutory, regulatory, constitutional or case law by Answering Defendants, they are denied.

      6.      Upon information and belief, the allegations contained in paragraph 14 of the Complaint constitute plaintiff's jurisdictional statement, to which a response is not necessary. To the extent the allegations therein could be construed to assert, allege or imply any wrongdoing or violation of statutory, regulatory, constitutional or case law by Answering Defendants, they are denied.

      7.      Upon information and belief, the allegations contained in paragraph 15 of the Complaint constitute plaintiff's characterization of this proceeding, to which a response is not necessary. To the extent the allegations therein could be construed to assert, allege or imply any wrongdoing or violation of statutory, regulatory, constitutional or case law by Answering Defendants, they are denied.

      8.      Upon information and belief, the allegations contained in paragraph 16 of the Complaint constitute plaintiff's venue statement, to which a response is not necessary. To the extent the allegations therein could be construed to assert, allege or imply any wrongdoing or

violation of statutory, regulatory, constitutional or case law by Answering Defendants, they are denied.

9. With respect to the allegations in paragraphs 17, 35, 71 – 73 and 81 of the Complaint, leave all questions of law to the Court and further deny said allegations to the extent they seek to characterize the facts to allege or imply any wrongdoing or violation of statutory, regulatory, constitutional or case law by Answering Defendants.

10. With respect to the allegations contained in paragraphs 18, 21, 23, 25, 26, 30, 32 – 34, 38, 39, 41 – 45, 47, 48, 52, 57, 58, 69, 70 and 76 of the Complaint, Answering Defendants refer to the referenced documents and/or cited case law, statutes, regulations or other authority, as the best evidence and most accurate version of their contents, deny those allegations to the extent they are inconsistent with the referenced documents and/or cited case law, statutes, regulations or other authority and leave all conclusions of law to the Court. With respect to said allegations, Answering Defendants deny knowledge or information sufficient to respond to any information not contained within the referenced documents and/or cited case law, statutes, regulations or other authority, and further deny said allegations to the extent they seek to characterize the facts to allege or imply any wrongdoing or violation of statutory, regulatory, constitutional or case law by Answering Defendants.

11. With respect to the allegations contained in paragraph 19 of the Complaint, Answering Defendants refer to the legislative history of the Green Light Law for its rationale, refer to the referenced documents and/or cited case law, statutes, regulations or other authority, as the best evidence and most accurate version of their contents, deny those allegations to the extent they are inconsistent with the legislative history of the Green Light Law, the referenced documents and/or cited case law, statutes, regulations or other authority and leave all conclusions

of law to the Court.  With respect to said allegations, Answering Defendants deny knowledge or information sufficient to respond to any information not contained within the legislative history of the Green Light Law, referenced documents and/or cited case law, statutes, regulations or other authority, and further deny said allegations to the extent they seek to characterize the facts to allege or imply any wrongdoing or violation of statutory, regulatory, constitutional or case law by Answering Defendants.

12. With respect to the allegations contained in paragraphs 24 and 27 – 29 of the Complaint Answering Defendants refer to the referenced documents and/or cited case law, statutes, regulations or other authority, as the best evidence and most accurate version of their contents, deny those allegations to the extent they are inconsistent with the referenced documents and/or cited case law, statutes, regulations or other authority and leave all conclusions of law to the Court.  With respect to said allegations, Answering Defendants deny knowledge or information sufficient to respond to any information not contained within the referenced documents and/or cited case law, statutes, regulations or other authority, and further deny said allegations to the extent they seek to characterize the facts to allege or imply any wrongdoing or violation of statutory, regulatory, constitutional or case law by Answering Defendants. Answering Defendants further state in regard to the allegations set forth in said paragraphs that pursuant to the New York State Department of Motor Vehicles (the "Department") policy entitled "Protection of Department Records" (rev. January 2019), a true and accurate copy of which is attached hereto as **Exhibit "A"**, employees must have a specific Department business purpose, which is defined as "activity intended to achieve a goal, objective or benefit" to the Department, to access a Department record including any at issue in this matter.   Answering Defendants further state in regard to those allegations that pursuant to the New York State

Department of Motor Vehicles policy entitled "Requests for Information from External Entities" (rev. July 2016), a true and accurate copy of which is attached hereto as **Exhibit "B"**, requests by federal authorities for information from the Department would not implicate Plaintiff (or other County Clerks) because such requests would necessarily be addressed to and handled by the Department's FOIL/Subpoena Office, and would not properly be addressed to or handled by a County Clerk such as Plaintiff.

13. With respect to the allegations contained in paragraphs 40 and 54 of the Complaint, deny plaintiff's characterization of the Green Light Law as conflicting with and/or frustrating the purpose of federal law, leave all questions of law to the Court and further deny said allegations to the extent they seek to characterize the facts to allege or imply any wrongdoing or violation of statutory, regulatory, constitutional or case law by Answering Defendants.

14. With respect to the allegations contained in paragraph 59 of the Complaint, deny plaintiff's characterization of the rationale for promulgating the regulation cited to therein as being a response to the 9/11 attacks and/or as addressing any alleged need to cooperate more effectively with federal authorities in identifying terrorist suspects, refer to the referenced documents and/or cited case law, statutes, regulations or other authority, as the best evidence and most accurate version of their contents, deny those allegations to the extent they are inconsistent with the referenced documents and/or cited case law, statutes, regulations or other authority and leave all conclusions of law to the Court.  With respect to said allegations, Answering Defendants deny knowledge or information sufficient to respond to any information not contained within the referenced documents and/or cited case law, statutes, regulations or other authority, and further deny said allegations to the extent they seek to characterize the facts to

allege or imply any wrongdoing or violation of statutory, regulatory, constitutional or case law by Answering Defendants.

15. Deny that Plaintiff is entitled to any of the relief requested in paragraphs 8, 78 and 80 of the Complaint, or to any of the relief requested in the WHEREFORE clause on page 21 of the Complaint, and further deny plaintiff's allegations therein to the extent they seek to characterize the facts to allege or imply any wrongdoing or violation of statutory, regulatory, constitutional or case law by Answering Defendants.

16. With respect to the repeated allegations contained in paragraphs 68 and 79 of the Complaint, Answering Defendants repeat as if fully stated herein, all of the foregoing responses as already stated herein.

17. Deny each and every allegation in the Complaint that alleges or tends to allege that Answering Defendants acted wrongfully or in any way contrary to constitutional, statutory, regulatory, or common law.

18. Deny any allegation of the Complaint not specifically responded to above.

## Defenses

19. The Complaint fails to state a claim upon which relief may be granted.

20. The Court lacks subject matter jurisdiction over this matter.

21. The Plaintiff lacks standing to sue.

22. The Plaintiff lacks capacity to sue in this matter.

23. The Complaint does not announce a case or controversy.

24. The Complaint raises questions that are nonjusticiable under the political question doctrine.

25. Answering Defendants are immune for their legislative activities.

26.     The Complaint is barred, in whole or in part, under the Eleventh Amendment.

27.     At all relevant times, Answering Defendants acted under the reasonable belief that their conduct was in accordance with clearly established law and are, therefore, protected by qualified immunity.

28.     To the extent the Complaint asserts state law claims, they are barred by the 11th Amendment, and by other state law.

29.     All Defendants are entitled to state common law immunity.

30.     Answering Defendants hereby demand a trial by jury.

WHEREFORE, The Answering Defendants respectfully ask that this Court deny the relief sought in the Complaint, dismiss the Complaint in its entirety, and grant these Answering Defendants such other and further relief as to the Court shall seem just and proper.

Dated: Albany, New York
       August 29, 2019

>                                   LETITIA JAMES
>                                   Attorney General of the State of New York
>                                   Attorney for Defendants
>                                   By: /s/ *Keith J. Starlin*
>                                   KEITH J. STARLIN
>                                   Assistant Attorney General
>                                   Bar Roll No. 105187
>                                   Telephone: (518) 776-2622
>                                   Email: keith.starlin@ag.ny.gov

To:    Karl J. Sleight, Esq.
       Elliot A. Hallak, Esq.
       Harris Beach PLLC
         Attorneys for the plaintiff
       677 Broadway, Suite 1101
       Albany, New York 12207