UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

FRANK J. MEROLA, in his official capacity as
Clerk of the County of Rensselaer, New York, and

              Plaintiff,

   -against-

ANDREW M. CUOMO, in his official capacity as
Governor of the State of New York,
LETITIA A. JAMES, in her official capacity as
Attorney General of the State of New York, and
MARK J.F. SCHROEDER, in his official capacity as
Commissioner of the New York State Department of
Motor Vehicles,

              Defendants.

Civil Action No.  1:19-cv-0899
(GLS/TWD)

---

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

HARRIS BEACH, PLLC
Karl J. Sleight, Esq.
Elliot A. Hallak, Esq.
*Attorneys for Plaintiff*
677 Broadway, Suite 1101
Albany, New York 12207
Tel: (518) 427-9700

Dated: September 3, 2019

## **TABLE OF CONTENTS**

Page(s)

TABLE OF AUTHORITIES ...........................................................**Error! Bookmark not defined.**

PRELIMINARY STATEMENT ................................................................................................1

PROCEDURAL HISTORY........................................................................................................3

ARGUMENT ..............................................................................................................................3

    I.      THIS ACTION HAS VIRTUALLY NO NEXUS WITH W.D.N.Y..........................3

    II.     DEFENDANTS HAVE NOT ESTABLISHED A SUFFICIENT BASIS FOR THE DISCRETIONARY TRANSFER OF THIS ACTION TO W.D.N.Y. ............................................................................................7

          a.     The First to File Rule Should Not Be Applied in this Situation ...............................................................................................7

          b.     The 28 U.S.C. § 1404(a) Factors Warrant Adjudicating this Action in this Court......................................................................10

    III.    DEFENDANTS ARE NOT ENTITLED TO A STAY ............................................14

CONCLUSION.......................................................................................................................155

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Andreas-Moses v. Hartford Fire Ins. Co.*,
  2017 WL 5634709 (N.D.N.Y. Oct. 30, 2017) .................................................................... 9

*Baker v. Coughlin*,
  1993 WL 356852 (S.D.N.Y. Sept. 9, 1993) ....................................................................... 6

*Berry v. New York State Dep't of Corr. Servs.*,
  808 F. Supp. 1106 (S.D.N.Y. 1992) .................................................................................. 4

*Bukhari v. Deloitte & Touche LLP*,
  2012 WL 5904815 (S.D.N.Y. Nov. 26, 2012) .................................................................. 8

*Citigroup Inc. v. City Holding Co.*,
  97 F. Supp. 2d 549 (S.D.N.Y. 2000) ................................................................................. 7

*D.H. Blair & Co., Inc. v. Gottdiener*,
  462 F.3d 95 (2d Cir. 2006) ............................................................................................... 11

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) .......................................................................................................... 5

*First City Nat. Bank and Trust Co. v. Simmons*,
  878 F.2d 76 (2d Cir. 1989) ................................................................................................ 7

*Fox v. Paterson*,
  2010 WL 11545717 (W.D.N.Y. May 13, 2010) ............................................................... 6

*Kirk v. New York State Dep't of Educ.*,
  2008 WL 819632 (W.D.N.Y. Mar. 25, 2008) ............................................................... 5, 6

*Lappe v. Am. Honda Motor Co.*,
  857 F. Supp. 222 (N.D.N.Y. 1994) ................................................................................. 11

*New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*,
  599 F.3d 102 (2d Cir. 2010) ...................................................................................... 10, 11

*Oneida Nation of N.Y. v. Paterson*,
  2010 WL 4053080 (N.D.N.Y. Oct. 14, 2010) ......................................................... 5, 7, 11

*Pippins v. KPMG LLP*,
  2011 WL 1143010 (S.D.N.Y. Mar. 21, 2011) .............................................................. 9, 13

*Procario v. Ambach*,
    466 F. Supp. 452 (S.D.N.Y. 1979) ............................................................................................ 6

*Schieffelin & Co. v. Jack Co. of Boca, Inc.*,
    725 F. Supp. 1314 (S.D.N.Y. 1989) ......................................................................................... 11

*St. Regis Mohawk Tribe v. State of New York*,
    774 F. Supp. 185 (S.D.N.Y. 1991) ............................................................................................ 5

*Starr Indem. & Liab. Co. v. Brightstar Corp.*,
    324 F. Supp. 3d 421 (S.D.N.Y. 2018) ..................................................................................... 11

*Ward v. Stewart*,
    133 F. Supp. 3d 455 (N.D.N.Y. 2015) .................................................................................... 11

*Westchester Advocates for Disabled Adults v. Pataki*,
    931 F. Supp. 993 (E.D.N.Y. 1996) ....................................................................................... 5, 6

**Statutes**

28 U.S.C. § 1391(b)(2) ..................................................................................................................... 7

28 U.S.C. § 1404 .............................................................................................................................. 7

28 U.S.C. § 1404(a) ............................................................................................................... 1, 8, 10

N.Y. Vehicle & Traffic Law §§ 201(8), (9), (10), (12) .................................................................. 10

## PRELIMINARY STATEMENT

Defendants' motion papers make clear that this action has virtually no connection to the Western District of New York ("W.D.N.Y."), but nevertheless assert that it should be transferred to that court and decided there. Mr. Merola brought this action in this District where the case properly belongs. In fact, virtually all of the relevant factors militate in favor of litigating this action this District. For example:

- Plaintiff is the County Clerk for Rensselaer County, and was duly elected by taxpayers in Rensselaer County.[1]

- Defendant Governor Andrew Cuomo maintains his principal office at the New York State Capitol Building, Albany, New York. The Executive Chamber (the Governor) does not maintain an office within the Western District of New York.[2]

- Defendant Attorney General Letitia A. James maintains her principal office in the New York State Capitol Building, Albany, New York. Only two regional offices of the Office of the Attorney General (of thirteen total regional offices) are located in the Western District of New York.[3]

- Defendant Commissioner of Department of Motor Vehicles Mark J.F. Schroeder maintains his principal office at 6 Empire State Plaza, Albany, New York.[4]

- The majority of the Department of Motor Vehicles employees work outside the Western District of New York. In 2020, the recommended workforce for the Department of Motor Vehicles is 2,344 full time employees;[5] Defendants state that just 59 Department of Motor Vehicles employees (approximately 2.5% of the total) are located within the Western District of New York.[6]

- Both houses of the New York State Legislature voted to pass the Green Light Law bill in

---

[1] *See* Compl., at ¶ 9 (ECF No. 1).
[2] New York State Division of the Budget, FY 2020 Executive Budget, Agency Appropriations, Executive Chamber, available at https://www.budget.ny.gov/pubs/archive/fy20/exec/agencies/appropData/ExecutiveChamber.pdf.
[3] New York Attorney General's website, at https://ag.ny.gov/tour-attorney-generals-office.
[4] *See* New York State Division of the Budget, FY 2020 Executive Budget, Agency Appropriations, Department of Motor Vehicles, available at https://www.budget.ny.gov/pubs/archive/fy18archive/exec/agencyPresentations/appropData/MotorVehiclesDepartmentof.html; New York State Department of Motor Vehicles website, at https://www.ny.gov/agencies/department-motor-vehicles.
[5] New York State Division of the Budget, FY 2020 Executive Budget, Agency Appropriations, Department of Motor Vehicles, available at https://www.budget.ny.gov/pubs/archive/fy18archive/exec/agencyPresentations/appropData/MotorVehiclesDepartmentof.html.
[6] Schroeder Aff., at ¶ 9 (ECF No. 12-3).

Albany, New York.[7]

The only connections between this case and W.D.N.Y. cited by Defendants are the personal residence of Defendant Schroeder, which is irrelevant, and the fact that he allegedly works in the District "approximately one day per week". *See* Schroeder Decl., at ¶¶ 4-5. It is likely that if the *Kearns v. Cuomo* case was not currently pending, and Mr. Merola had filed this action in W.D.N.Y.,[8] Defendants would have moved to dismiss the case based on improper venue.

Critically missing from Defendants' papers is any discussion regarding the urgent need for obtaining a prompt resolution of the issues in this action. There is no time for Defendants' procedural maneuvering. The Green Light Law is scheduled to go into effect on December 14, 2019, just 102 days from today. Significant preparation and ramp-up will be required by Mr. Merola and his staff if this law were to go into effect. Defendants' response to the Complaint was originally due on August 15, 2019, and Defendants finally filed their Answer on August 28, 2019. This case is now ready for a prompt adjudication on the merits.

Defendants are correct that the Court has wide discretion to grant or deny a motion to transfer based on the circumstances of a particular case. Here, the relevant factors weigh decidedly in favor of denying Defendants' request. Notably, Mr. Merola's selection of this District as the venue for this action is entitled to significant deference since this District has—by far—the most substantial connection to the parties and the underlying facts. Further, denying Defendants' motion to transfer this case to W.D.N.Y. will eliminate the significant delay that would likely be caused and would allow the parties' to obtain a timely decision on the merits before the Green Light Law goes into effect on December 14, 2019.

---

[7] *See* New York State Senate website, at https://www.nysenate.gov/newsroom/press-releases/senate-passes-drivers-license-access-and-privacy-act-green-light-ny.
[8] This case is styled: *Michael P. Kearns v. Andrew M. Cuomo, et al.*, No. 1:19-cv-00902-EAW (W.D.N.Y.).

## PROCEDURAL HISTORY

On July 24, 2019, Plaintiff initiated this action by filing and serving the Summons and Complaint on Defendants (*see* ECF Nos. 1, 6-7). Based on these filings, Defendants' deadline to submit an Answer or otherwise respond to the Complaint was originally August 15, 2019. On the August 15, 2019 deadline, instead of answering, Plaintiff filed the instant motion to transfer and a letter requesting that the Court stay Defendants' time to respond to the Complaint while the motion to transfer was pending (*see* ECF No. 12-13). Based on Plaintiff's opposition to Defendants' request to delay filing a response in this matter until the Court has decided the motion to transfer, the Court denied Defendants' request and instructed Defendants to respond to the Complaint on or before August 30, 2019 (*see* ECF No. 16). Defendants filed their Answer on August 29, 2019 (*see* ECF No. 17).

In the meantime, in the case initiated by Michael Kearns, County Clerk for the County of Erie, Mr. Kearns filed a motion seeking a preliminary injunction and, on August 16, 2019, Defendants filed their opposition to that motion and cross-moved to dismiss the Complaint. *See* Sleight Decl, at Ex. A. Upon the filing of Defendants' cross-motion, the Court reset the briefing schedule for both motions and adjourned oral argument on those motions from September 25, 2019 to October 23, 2019. *See id.*

## ARGUMENT

### I. THIS ACTION HAS VIRTUALLY NO NEXUS WITH W.D.N.Y.

Defendants strain to identify any contacts between this case and W.D.N.Y. that would have made filing this action in that court appropriate in the first-instance. The only connections cited by Defendants are that:

- Defendant Schroeder resides within W.D.N.Y. (*see* Schroeder Decl., at ¶ 5, ECF

3

- No. 12-2);

- Defendant Schroeder works within W.D.N.Y. "approximately one day per week" in addition to working at the Department of Motor Vehicles primary office in Albany (*see id.* at ¶ 4); and

- The Department of Motor Vehicles has five offices and "59 individuals" working within W.D.N.Y. (*see id.* at ¶¶ 8-9).

That's it—and these minor connections actually overstate the connection between this litigation and W.D.N.Y. For instance, Defendants admit that the personal residence of Mr. Schroeder is irrelevant to the determination of his residence for venue purposes where, as here, he is being sued in his official capacity. *See* Defendants' Mem. at 8. Further, Defendants do not inform the Court that the "nearly sixty employees" working within W.D.N.Y. represent approximately 2.5 percent of the Department of Motor Vehicles full-time employees statewide.[9] The crux of Defendants' argument—that Defendant Schroeder is a resident of W.D.N.Y. for purposes of analyzing venue—should be rejected because the Defendants have not introduced any facts that would suggest that any of the work performed at Department of Motor Vehicles offices in W.D.N.Y. has anything to do with the enactment or implementation of the Green Light Law. In fact, Mr. Schroeder states that the work performed in W.D.N.Y. includes criminal investigations, internal audits, road tests, and oversight of auto dealers, public inspection stations, and repair shops (*see* Schroeder Decl. at ¶ 8), all of which are entirely unrelated to the implementation of the licensing and non-disclosure requirements in the Green Light Law. "The mere fact that [the Department of Motor Vehicles] has offices and employees all around the state, is legally irrelevant for the purposes of venue, since here the [Defendant Schroeder] is not being sued for activities that occurred outside of the [Northern District]." *Berry v. New York State Dep't of Corr. Servs.*, 808 F. Supp. 1106,

---

[9] In 2020, the recommended workforce for the Department of Motor Vehicles is 2,344 full time employees. *See* New York State Division of the Budget, FY 2020 Executive Budget, Agency Appropriations, Department of Motor Vehicles, available at https://www.budget.ny.gov/pubs/archive/fy18archive/exec/agencyPresentations/appropData/MotorVehiclesDepartmentof.html.

4

1109 (S.D.N.Y. 1992).

The authority cited by Defendants in support of their position that this case could have originally been brought in W.D.N.Y. is outdated, non-binding, and otherwise not persuasive. For example, as Judge Hurd correctly concluded in *Oneida Nation of N.Y. v. Paterson*, 2010 WL 4053080, at *4 (N.D.N.Y. Oct. 14, 2010), *vacated sub nom. on other grounds Oneida Nation of New York v. Cuomo*, 645 F.3d 154 (2d Cir. 2011), the statement by the Court in *St. Regis Mohawk Tribe v. State of New York*, 774 F. Supp. 185 (S.D.N.Y. 1991) cited to by Defendants "was made in a footnote and provided no basis for the court's holding that venue should be transferred to the Northern District of New York." Further, in the 1996 decision in *Westchester Advocates for Disabled Adults v. Pataki*, 931 F. Supp. 993, 1005 (E.D.N.Y. 1996), *vacated on other grounds*, 113 F.3d 394 (2d Cir. 1997), the Court's conclusion that venue was proper in that case—which was mere dicta since the State defendants had not objected to venue in that case—was based on an outdated concept of personal jurisdiction that has been since overruled by the Supreme Court. There, the Eastern District based its determination concerning venue on an analogy between corporations and state agencies: "[A] corporation shall be deemed to reside in any district in [the] State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." *Id.* at 1005 (quotations omitted; alternations in original). This basis for exercising general personal jurisdiction on a corporation based on its "contacts" in a state has since been abrogated, *see Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (holding that general personal jurisdiction over a corporation is limited to the jurisdictions where a corporation maintains its principal place of business and is incorporated), and, therefore the basis for the court's apparent conclusion that venue was appropriate in *Westchester Advocates* no longer exists. As for *Kirk v. New York State Dep't of Educ.*, 2008 WL 819632, at *3 (W.D.N.Y. Mar. 25, 2008),

Plaintiff first points out the irony of the Defendants' citation to a case where the State made the exact opposite argument than it advances here—that venue over a state agency was only proper in the Northern District of New York;[10] for this reason, Defendants' argument that this case belongs in W.D.N.Y. should be viewed skeptically since the State often objects to venue on the basis that the only appropriate venue for a case against a State agency or government official whose principal office is in Albany in the Northern District of New York. *See* note 10, *supra*. Further, the decision that venue was proper in *Kirk* was based on the decisions in *Westchester Advocates* and *St. Regis Mohawk Tribe*, which, as noted above, have questionable precedential value and vitality. These decisions do not provide adequate support for Defendants' contention this case could have been properly initiated in W.D.N.Y.

In fact, the sheer magnitude of connections between this case and this District illustrate that Mr. Merola clearly selected the appropriate forum for this lawsuit. To mention just a few of these connections:

- Plaintiff Mr. Merola is the County Clerk for Rensselaer County, and was duly elected by taxpayers in Rensselaer County.[11]

- Defendant Governor Andrew Cuomo maintains his principal office at the New York State Capitol Building, Albany, New York.[12]

- Defendant Attorney General Letitia A. James maintains her principal office New York State Capitol Building, Albany, New York.[13]

- Defendant Commissioner of Department of Motor Vehicles Mark J.F. Schroeder maintains his principal office at 6 Empire State Plaza, Albany, New York.[14]

---

[10] The State has made this argument on many other occasions. *See, e.g.*, *Procario v. Ambach*, 466 F. Supp. 452, 454 (S.D.N.Y. 1979); *Baker v. Coughlin*, 1993 WL 356852, at *2 (S.D.N.Y. Sept. 9, 1993); *Fox v. Paterson*, 2010 WL 11545717, at *3 (W.D.N.Y. May 13, 2010).

[11] *See* Compl., at ¶ 9 (ECF No. 1).

[12] New York State Division of the Budget, FY 2020 Executive Budget, Agency Appropriations, Executive Chamber, available at https://www.budget.ny.gov/pubs/archive/fy20/exec/agencies/appropData/ExecutiveChamber.pdf.

[13] New York Attorney General's website, at https://ag.ny.gov/tour-attorney-generals-office.

[14] *See* New York State Division of the Budget, FY 2020 Executive Budget, Agency Appropriations, Department of Motor Vehicles, available at https://www.budget.ny.gov/pubs/archive/fy18archive/exec/agencyPresentations/

6

- Both houses of the New York State Legislature voted to pass the Green Light Law bill in Albany, New York.[15]

In light of these substantial connections to this District, Defendants' motion to transfer this case to W.D.N.Y. where there is virtually zero nexus should be viewed as mere procedural maneuvering and rejected.

Defendants do not cite any authority in support of their alternative argument that venue would have been proper in W.D.N.Y. pursuant to 28 U.S.C. § 1391(b)(2) because "a substantial part of the events 'giving rise to the claim'" occurred there.  This assertion is clearly false.  The Green Light Law was passed and signed into law in Albany, New York.  The fact that the injunction Plaintiff seeks could have statewide application does not mean that events in other districts gave rise to his claims.

Based on the foregoing, Defendants have not met their initial burden of establishing that Plaintiff could have initially brought suit in W.D.N.Y.  *See* 28 U.S.C. § 1404; *Oneida Nation*, 2010 WL 4053080, at *3.  Since Defendants have not made this required showing, their motion to transfer should be denied for that reason alone.

## II. DEFENDANTS HAVE NOT ESTABLISHED A SUFFICIENT BASIS FOR THE DISCRETIONARY TRANSFER OF THIS ACTION TO W.D.N.Y.

### a. The First to File Rule Should Not Be Applied in this Situation

This is far from the paradigm case for the application of the first to file rule, which typically applies to prevent forum-shopping and the litigation of cases involving the same parties and issues.  *See Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 555 (S.D.N.Y. 2000) ("It is a 'well-settled principle' in this circuit that where proceedings involving the same parties and

---

appropData/MotorVehiclesDepartmentof.html; New York State Department of Motor Vehicles website, at https://www.ny.gov/agencies/department-motor-vehicles.

[15] *See* New York State Senate website, at https://www.nysenate.gov/newsroom/press-releases/senate-passes-drivers-license-access-and-privacy-act-green-light-ny.

7

issues are pending simultaneously in different federal courts the first-filed of the two takes priority absent 'special circumstances' or a balance of convenience in favor of the second.") (quoting *First City Nat. Bank and Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989)); *see also Bukhari v. Deloitte & Touche LLP*, 2012 WL 5904815, at *3 (S.D.N.Y. Nov. 26, 2012) ("The classic context for applying the rule is where mirror-image lawsuits between the same parties are filed in different venues, for example, an action for damages and an action seeking a declaratory judgment that there has been no wrongdoing."). Outside of this usual paradigm, the first to file rule should not be applied to independent constitutional challenges to a State statute by different, unaffiliated plaintiffs. Instead, such a case should only be transferred to another court if the relevant factors under 28 U.S.C. § 1404(a) favor a transfer. As set forth in Point II.B below, Defendants cannot establish that a transfer is warranted upon an application of those factors and should not be allowed to circumvent the Court's analysis under 28 U.S.C. § 1404(a) by resorting to the first to file rule.

There are no credible allegations of forum shopping against Mr. Merola since, as established in Point I, it is very questionable whether Mr. Merola could have asserted his claims in W.D.N.Y. in the first instance. In fact, as established above, Mr. Merola appropriately brought suit in the only district where all parties reside and where the Green Light Law was passed and signed into law and Defendants make no argument that the Northern District of New York is an improper venue for this case, nor could they. The Defendants' suggestions that Mr. Merola acted inappropriately in filing this action in the most appropriate forum simply because Michael Kearns, the County Clerk for Erie County, New York, had already filed a separate challenge to the law in W.D.N.Y. are false and irrelevant. *See* Defendants' Mem. at 6 (suggesting that Mr. Merola should have sought to be joined as a Plaintiff or to file an *amicus* brief in the *Kearns* action). Mr. Merola was entitled to bring suit in the forum and format he—not Defendants—believed was correct.

Defendants strain to equate this case, a constitutional challenge to a newly-enacted State law, to a run of the mill class action lawsuit. *See* Defendants' Mem. at 13-14. Class actions, such as those at issue in *Andreas-Moses v. Hartford Fire Ins. Co.*, 2017 WL 5634709, at *5 (N.D.N.Y. Oct. 30, 2017), *report and recommendation adopted*, 2017 WL 5634613 (N.D.N.Y. Nov. 22, 2017), are commonly and appropriately transferred and consolidated where multiple plaintiffs bring identical putative class actions against the same defendant—often in district courts across the country (*see, e.g.*, *id.*). The justification for consolidating putative class actions is particularly sound because, where such actions are "substantially similar," typically "each set of named plaintiffs intends to represent the other set." *See Pippins v. KPMG LLP*, 2011 WL 1143010, at *3 (S.D.N.Y. Mar. 21, 2011). The concerns of adjudicating the claims of overlapping classes of putative class plaintiffs are unique to class actions. In that context, since the named class action plaintiffs purport to represent overlapping classes, courts have correctly concluded that such actions "involve the same parties and claims" and, therefore, the application of the first to file rule is appropriate. *See id.* at 4. Defendants cite to no precedent for expanding the first to file rule to apply to independent constitutional challenges brought by different, unaffiliated plaintiffs, and the Court should decline Defendants' invitation to break ground by expanding this rule to cover such claims.

Further, contrary to Defendants' conclusory assertions, this lawsuit is not a "mirror image" of the *Kearns* case now pending in W.D.N.Y. since Erie and Rensselaer counties differ from one another and the Green Light Law, if it goes into effect, will affect them in different ways. For example, Rensselaer County has a Memorandum of Agreement with U.S. Immigration and Customs Enforcement entered pursuant to Section 287(g) of the Immigration and Nationality Act

9

that requires the Rensselaer County to cooperate with Federal immigration officials.[16] The requirements under the agreement are directly at odds with the Green Light Law's prohibition upon disclosing information concerning a person's immigration status or the type of license they applied for or were issued. *See* N.Y. Vehicle & Traffic Law §§ 201(8), (9), (10), (12) (as amended). In addition, Rensselaer County is located on a major interstate (I-90), within a three hour drive of three major metropolitan cities, New York City, Boston, and Montreal, and within the same District as the St. Regis Mohawk Reservation (Akwasasne), which has been long recognized as a substantial entry point for drug smuggling and human trafficking to the United States.[17] In deciding whether an unconstitutional conflict exists between the Green Light Law, the Court will be required to grapple with these issues unique to Rensselaer County.

Finally, for the reasons set forth below, even if the Court concludes the first to file rule applies in this case, Defendants' motion to transfer should be denied because application of the exception to the first to file rule is applicable here because "the balance of convenience favors the second-filed action." *See New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112-13 (2d Cir. 2010) (applying the exception to the first to file rule was appropriate where the "balance of convenience" favored the second-filed action).

### b. The 28 U.S.C. § 1404(a) Factors Warrant Adjudicating this Action in this Court

The Court should also not exercise its discretion to transfer this action pursuant to

---

[16] A true and correct copy of the §287(g) Agreement is available at https://www.ice.gov/doclib/287gMOA/287g-RensselaerCounty.pdf. The §287(g) Agreement was recently renewed by Rensselaer County. *See* Rensselaer County sheriff renews federal program giving some deputies ICE powers, WNYT (June 26, 2019), at https://wnyt.com/news/rensselaer-county-sheriff-renews-federal-program-giving-some-officers-ice-powers/5403648/.

[17] *See* Drug Traffickers Find Haven in Shadows of Indian Country, NEW YORK TIMES (Feb. 19, 2006), available at https://www.nytimes.com/2006/02/19/us/drug-traffickers-find-haven-in-shadows-of-indian-country.html?mtrref=en.wikipedia.org&gwh=3335915A1203595693363886C238E106&gwt=pay&assetType=REGIWALL; Chinese citizen convicted of smuggling aliens via St. Regis Mohawk Reservation, THE MALONE TELEGRAM (Apr. 26, 2018), available at https://www.mymalonetelegram.com/mtg01/chinese-citizen-convicted-of-smuggling-aliens-via-st-regis-mohawk-reservation-20180426.

10

28 U.S.C. § 1404(a).  In determining whether transfer is appropriate, courts in this circuit typically consider, *inter alia*, "(1) the plaintiff's choice of forum, (2) the convenience of the witnesses, (3) the location of relevant document and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106-07 (2d Cir. 2006) (citation omitted).  Courts also consider "(8) the proposed forum's familiarity with the governing law and (9) trial efficiency and the interests of justice." *See Ward v. Stewart*, 133 F. Supp. 3d 455, 461 (N.D.N.Y. 2015).

Defendants fall far short of making the requisite showing of "'clear and convincing" evidence that the balance of convenience favors transfer in this case." *Starr Indem. & Liab. Co. v. Brightstar Corp.*, 324 F. Supp. 3d 421, 431 (S.D.N.Y. 2018) (citing *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010)).  Absent "a clear-cut showing that transfer is in the best interests of the litigation," a motion to transfer should be denied.  *See Schieffelin & Co. v. Jack Co. of Boca, Inc.*, 725 F. Supp. 1314, 1321 (S.D.N.Y. 1989).  While Defendants pay lip service to these factors, they do not properly consider the facts that (i) a prompt decision on the merits of Mr. Merola's constitutional challenge to the Green Light Law is essential and (ii) transferring this lawsuit to W.D.N.Y. will only delay a resolution on the merits.

Defendants request that the Court disregard the "plaintiff's choice of forum" factor because they argue that his filing was improper and based solely on his "predilection".  This baseless assertion disregards the abundant authority that a plaintiff's choice of forum is ordinarily given deference, unless there is little connection between the forum and the operative facts.  *See Oneida Nation*, 2010 WL 4053080, at *3 (internal citations omitted); *Lappe v. Am. Honda Motor Co.*, 857 F. Supp. 222, 229 (N.D.N.Y. 1994), *aff'd sub nom. Lappe v. Honda Motor Co. of Japan*, 101 F.3d

682 (2d Cir. 1996). That deference is given greater weight where, as here, the "the operative facts occurred" in the same forum selected by the plaintiff. *See Lappe*, 857 F. Supp. at 229. As established in Point I, other than the fact that Defendant Schroeder appears to maintain a personal residence in W.D.N.Y. and allegedly performs unrelated work from in W.D.N.Y. approximately once per week, all of the other facts relevant to this case point to this District, including the official residence of all parties and the passing of the law in dispute. Venue was not selected arbitrarily or inappropriately and, therefore, is entitled to substantial deference.

Defendants also do not discuss "the convenience of the parties" factor, which cuts against transferring this case to W.D.N.Y. Mr. Merola has brought this lawsuit in his official capacity and is accountable to the taxpayers of Rensselaer County for the adjudication of this action.[18] It would be far more convenient and less expensive for Mr. Merola to litigate this case locally, where his counsel of choice are located, rather than in Rochester. Defendants' primary attorney in this action is also based in Albany, New York, and the signatory to Defendants' recently-filed motion to dismiss the *Kearns* action is based in New York City. Geographically-speaking, this lawsuit would be more convenient to all parties if it were pursued in this District. And since Defendants claim (albeit wrongly) that the two actions are identical, they cannot credibly assert that adjudicating the claims in both lawsuits will create substantial additional work.

The "convenience of the witnesses," "location of relevant document and relative ease of access to sources of proof" and "locus of operative facts" factors also all favor remaining in this District. While Mr. Merola agrees it is unlikely that substantial evidentiary proceedings will be required in this case, if any witnesses or evidence is required, they/it are very unlikely to be located in W.D.N.Y., which, again, as established in Point I, has very little (if any) connection to this

---

[18] For this reason, and since Mr. Merola has significantly fewer resources at his disposal than Defendants, the "the relative means of the parties" factor also weighs in favor of continuing this lawsuit in this District, which would be less substantially less expensive.

lawsuit.

Finally, contrary to Defendants' arguments, the "trial efficiency and the interests of justice" factors militate in favor of this Court retaining jurisdiction over this action. While Defendants' only stated focus appears to be adjudicating this case and the *Kearns* case together, that is not the only relevant consideration. In this case, reaching a prompt resolution is of paramount importance since the Green Light Law is scheduled to go into effect on December 14, 2019 and Mr. Merola will require significant lead time if he and his staff are forced to implement the law, in whole or part. Courts routinely consider the effect a transfer may have on reaching a prompt adjudication in determining whether a transfer is appropriate. *See, e.g.*, *See Pippins*, 2011 WL 1143010, at *3 (declining to transfer to the jurisdiction of a prior-filed action where the transfer would delay the adjudication of the action).

While the *Kearns* action was initiated first, procedurally, a transfer would likely delay resolution of this action. In fact, W.D.N.Y. is not scheduled to hear arguments on the pending motions to dismiss and for a preliminary injunction until October 23, 2019 and, presumably, that court would not issue a ruling until after that date. *See* Sleight Decl. at Ex. A. There is a substantial probability that, if this action were transferred, W.D.N.Y. would delay matters further to allow for consolidated briefing in the two cases.[19]

Here, the parties are positioned to reach a decision on the merits before the *Kearns* action. Defendants have not moved to dismiss this action, instead filing an Answer on August 28, 2019 (*see* ECF. No. 17). This matter is now ripe for adjudication by this Court on the merits of Mr. Merola's claims. Based on this timing, there is a substantial likelihood that the Court could be in a position to rule on the constitutionality of the Green Light Law before the preliminary, pre-Answer

---

[19] Upon Defendants' filing of a motion to dismiss, the court in the *Kearns* case reset the briefing schedule and the date for oral argument. *See* Sleight Decl., Ex. A.

motions in the *Kearns* case are decided. Delaying the adjudication of this matter benefits Defendants, and would prejudice Mr. Merola, if he were forced to decide whether to implement the Green Light Law or to comply with Federal immigration laws. Defendants should not be allowed to "run out the clock" on Mr. Merola by further delaying a decision on the merits in this action.

### III.     DEFENDANTS ARE NOT ENTITLED TO A STAY

For the same reasons Defendants' request for a transfer should be denied, this Court should also deny their alternative request to stay this action "pending decisions by the court in the *Kearns* case". *See* Defendants' Mem. at 20. The proposal by Defendants that this Court should wait so that it could take into account any decision(s) rendered by W.D.N.Y. does not resolve any of the primary issues raised by Defendants (*e.g.*, potentially contradictory decisions, judicial economy, etc.), and would only serve to further delay this action. This is not a viable solution in the circumstances since the time for the Court to determine whether or not the Green Light Law is constitutional before the law goes into effect (and before Mr. Merola and his staff must prepare for potential implementation) is quickly running out.

## **CONCLUSION**

Based upon all of the foregoing, Plaintiff respectfully requests that the Court issue an order (i) denying Defendants' motion to transfer this action to W.D.N.Y; (ii) denying Defendants' alternative request for a stay pending certain decisions in the *Kearns* action; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: September 3, 2019
Albany, New York

                    HARRIS BEACH PLLC

                    By: */s/ Karl J. Sleight*
                        Karl J. Sleight, Esq. (Bar Roll No. 601976)
                        Elliot A. Hallak, Esq. (Bar Roll No. 520048)
                        677 Broadway, Suite 1101
                        Albany, New York 12207
                        Tel: (518) 427-9700
                        Fax: (518) 427-0235
                        ksleight@harrisbeach.com
                        ehallak@harrisbeach.com
                        *Attorneys for Plaintiff*