**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**FRANK J. MEROLA,**

               **Plaintiff,**

               v.

**ANDREW M. CUOMO et al.,**

               **Defendants.**

**1:19-cv-899
(GLS/TWD)**

_____

## SUMMARY ORDER

Pending is a motion filed by defendants Andrew M. Cuomo, Governor of New York, Letita A. James, Attorney General of New York, and Mark J.F. Shcroeder, Commissioner of the New York State Department of Motor Vehicles (DMV), which seeks to change venue or, alternatively, a stay. (Dkt. No. 12.) For the reasons set forth below, the motion is denied insofar as it seeks to change venue, but granted with respect to a stay.

Plaintiff Frank J. Merola is the Clerk of the County of Rensselaer and brings this action in his official capacity. (Compl. ¶ 9, Dkt. No. 1.) He alleges that the so-called "Green Light Law," formally known as the Driver's License Access and Privacy Act (DLAPA),[1] is preempted by federal law

---

    [1] _See_ L. 2019, ch 37.

and is, therefore, unconstitutional.  (*Id.* at 21.)  DLAPA "authorizes and facilitates the issuance of non-commercial driver's licenses to undocumented immigrants [and] requires the Commissioner of [DMV] and his agents, including . . . Merola as the Rensselaer County Clerk, to shield any records submitted by undocumented immigrants from federal immigration agencies."  (*Id.* ¶ 30.)  Merola contends that the DLAPA places him in the impossible position of either violating federal immigration laws or being removed from office for refusing to administer it.  (*Id.* ¶¶ 34, 37.)  It is not readily apparent what claim(s) he alleges,[2] but Merola seeks a declaratory judgment and injunctive relief.  (*Id.* at 21.)

Some sixteen days before this action was commenced, another was commenced in the United States District Court for the Western District of New York, making a similar challenge to the DLAPA.  (*Kearns v. Cuomo*, Dkt. No. 1, 1:19-cv-902.)  The plaintiff there, Michael Kearns, is the Clerk

---

[2]  Notably, 28 U.S.C. §§ 2201, 2202, cited by Merola as entitling him to judgment, (Compl. ¶ 78), do not create an independent cause of action, *see Farmington-Girard, LLC v. Planning & Zoning Comm'n of City of Hartford*, No. 3:17-CV-1915, 2019 WL 935500, at *18 (D. Conn. Feb. 26, 2019); (citing *In re Joint E. & S. Dist. Asbestos Litig.*, 14 F.3d 726, 731 (2d Cir. 1993)), and, like his "claim" for an injunction, provide for a remedy only, *see Chiste v. Hotels.com L.P.*, 756 F. Supp. 2d 382, 406-07 (S.D.N.Y 2010) ("Declaratory judgments and injunctions are remedies, not causes of action.") (citations omitted).

2

of Erie County, and he has brought his action against the same defendants named in this matter. (*See generally id.*)

I. **Venue**

Defendants here chiefly argue that a change of venue to the Western District of New York is appropriate under the "first-filed rule." (Dkt. No. 12, Attach. 1 at 7-20.) Along the way, defendants assert that this action "might have been brought" in the Western District in the first instance because Schroeder resides there for purposes of 28 U.S.C. § 1404(a); the parties and issues are identical or substantially similar; and the balance of factors to be considered by the court weigh in favor of changing venue. (*Id.*) In response, even though he contends that the connection is weak, Merola seems to concede that this action might have been brought in the Western District. However, he attempts to distinguish himself from Kearns in hopes of demonstrating that the two plaintiffs are not substantially similar and that the "balance of convenience" factors, borrowed from § 1404(a), do not support a change of venue. (Dkt. No. 18, Attach. 2 at 3-14.) The court agrees with Merola to the extent that the balance of convenience factors weigh against a change of venue.

A. **First-Filed Rule**

Where there is competing litigation in separate fora, the first action should generally have priority. *See Employers Ins. of Wausau v. Fox Entm't Grp., Inc.*, 522 F.3d 271, 274-75 (2d Cir. 2008). "This rule usually applies when identical or substantially similar parties and claims are present in both courts." *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 116–17 (2d Cir. 1992). The so-called "first-filed rule" creates a presumption, not a mandate, that the second-filed case should be dismissed, transferred or stayed. *See Employers Ins.*, 522 F.3d at 275. Only two exceptions to the rule have been recognized by the Second Circuit, the latter of which is not in dispute here: "(1) where the 'balance of convenience' favors the second-filed action," "and (2) where 'special circumstances' warrant giving priority to the second suit." *Id.* (internal citations omitted).

The balance of convenience exception requires the court's consideration of factors akin to those considered when confronted with a § 1404(a) analysis, *see id.*; they include, among other things[3]:

---

[3] The parties argue about the forum's familiarity with the controlling law, trial efficiency, and the interest of justice as additional, appropriately-considered factors. (Dkt. No. 12, Attach. 1 at 15, 18-20; Dkt. No. 18, Attach. 2 at 11.) These factors are relevant to the balance of the convenience question, but do not warrant an extended discussion here.

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties.

*Gottlieb v. U.S. Sec. & Exch. Comm'n*, 723 F. App'x 17, 19 (2d Cir. 2018) (quoting *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106-07 (2d Cir. 2006)). "The inquiry still requires selection of the more appropriate forum, since the first-filed rule is only a presumption that may be rebutted by proof of the desirability of proceeding in the forum of the second-filed action." *Employers Ins.*, 522 F.3d at 275 (internal quotation marks and citations omitted).

First, it seems plain that the issues and parties involved in *Kearns* and this action are identical or, with respect to the plaintiffs — both of whom bring their cases in their official capacities as county clerks — are substantially similar. Merola's arguments about geography and a memorandum of understanding between Rensselaer County and U.S. Immigration and Customs Enforcement to the contrary, (Dkt. No. 18,

---

In other words, specific discussion of these factors does not upset the court's analysis, discussed below.

Attach. 2 at 9-10), are not compelling.  However, the "balance of convenience" exception factors weigh against the presumption of the first filed rule and necessitate the denial of that branch of defendants' motion.  Indeed, each factor supports Merola's position.  The Northern District of New York's jurisdiction encompasses the capital of New York State, where most, if not all, witnesses, documents/proof, and operative facts are located.  Merola obviously chose this forum and is of less means than defendants.

      This case has practically no connection at all to the Western District.  Indeed, as best as defendants can demonstrate, Schroeder works from an office in the City of Buffalo "approximately one day per week," otherwise oversees the County Clerks, as agents of DMV, across the state, thirty-eight of which are within the Western District, and oversees DMV offices, five of which are located in the Western District.  (Dkt. No. 12, Attach. 3 ¶¶ 4, 6-8.)  Though no competent proof has been submitted by defendants with respect to the following, the court may take judicial notice of the fact that Cuomo and James have certain oversight responsibilities with respect to their offices, some of which pertain to the counties within the Western District.  These relationships with the Western District, like Schroeder's,

6

are the same or even weaker than they are here, in the Northern District. For all of these reasons, the first filed rule does not compel transfer, and defendants' motion is denied in that regard.

**B.     Stay**

As far as a stay is concerned, the parties' arguments are much less technical and little legal support is provided by them.  Defendants argue that a stay pending the Western District's resolution of a motion to dismiss and motion for a preliminary injunction would "allow the parties and, ultimately, the court to take into account the decision of" the Western District.  (*Id.*, Attach. 1 at 20.)  Merola counters that a stay will merely delay the resolution of this action, which he contends is particularly troublesome where, as here, the challenged law is set to go into effect in less than three months.  (Dkt. No. 18, Attach. 2 at 14.)

The authority to issue a stay is within the sound discretion of the court and derives from the court's inherent authority to manage its docket. *See Range v. 480-486 Broadway, LLC*, 810 F.3d 108, 113 (2d Cir. 2015); *Kudo v. Simels*, No. 91 Civ. 3167, 1992 WL 80762, at *2 (S.D.N.Y. Apr. 8, 1992) ("The authority to grant a stay is rooted in the court's inherent discretionary authority . . . to control its docket in the interests of justice

7

and efficiency.") (internal quotation marks and citations omitted).

Although a transfer is not appropriate given the discussion above, for some of the reasons identified by defendants, (Dkt. No. 12, Attach. 1 at 20), a stay is appropriate. In *Kearns* there is currently a pending motion to dismiss and a motion for a preliminary injunction, both of which are scheduled for an in-person return on October 23, 2019. (Dkt. Nos. 3, 24, 47, 1:19-cv-902) This matter is stayed pending a decision on those motions, but, to ensure that a delay will not thwart Merola's ability to timely seek preliminary injunctive relief, the parties are ordered to provide a status report immediately upon a change in the circumstances of *Kearns* — meaning a disposition of the pending motions, or any other salient development. If no such change or development occurs before November 1, 2019, the parties shall file a status report to so advise.[4]

Accordingly, it is hereby

**ORDERED** that defendants' motion to change venue, or, alternatively for a stay (Dkt. No. 12) is **GRANTED IN PART** and **DENIED IN PART** as

---

[4] Defendants have requested permission to file an oversized memorandum of law in support of an imminent motion to dismiss. (Dkt. No. 21.) In light of the stay, the court reserves on that application and stays consideration of it.

follows:

**GRANTED** to the extent that it seeks a stay of proceedings; and

**DENIED** in all other respects; and it is further

**ORDERED** that this matter is **STAYED** until further order of the court; and it is further

**ORDERED** that the parties shall file a status report no later than November 1, 2019, or, if there is a disposition of the *Kearns*' motions or other salient development, immediately upon such event; and it is further

**ORDERED** that the court **RESERVES** on defendants' motion to file an oversized memorandum of law (Dkt. No. 21); and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

October 2, 2019
Albany, New York

*Gary L. Sharpe*
Gary D. Sharpe
U.S. District Judge