

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

BARBARA D. UNDERWOOD
SOLICITOR GENERAL
DIVISION OF APPEALS & OPINIONS

November 26, 2019

**VIA ECF**

Honorable Gary L. Sharpe
United States District Judge
James T. Foley U.S. Courthouse
445 Broadway, Room 112
Albany, New York 12207

  Re: *Merola v. Cuomo et al.*, No. 19-cv-00899 (GLS) (TWD)

Your Honor,

  Federal Rule of Civil Procedure 5.1 provides that a party who files a "written motion" "drawing into question the constitutionality of a federal . . . statute," in an action where the United States is not a party, must notify the U.S. Attorney General in writing and include with that notice a copy of the papers raising the constitutional question. *See* Fed. R. Civ. P. 5.1(a)(1)(A), (2).

  I write to advise the Court that pursuant to Rule 5.1(a)(1)(A) and (a)(2), defendants have sent notice to the U.S. Attorney General and the U.S. Attorney for the Northern District of New York of defendants' argument—contained in the last paragraph of Point I.D.4(d) of defendants' memorandum of law (ECF No. 30-1)—concerning the constitutionality of 8 U.S.C. §§ 1373 and 1644. A copy of the notice (without the accompanying memorandum of law) is annexed hereto as Exhibit A.

  This notice need not delay the Court's resolution of the parties' pending motions because such resolution does not require the Court to conclude that 8 U.S.C. §§ 1373 and 1644 are unconstitutional. *See* Fed. R. Civ. P. 5.1(c) (court is free to resolve litigation irrespective of intervention so long as it does not "enter a final judgment holding the statute unconstitutional"). As explained in defendants' motion papers, plaintiff's complaint is susceptible to dismissal for a myriad of reasons unrelated to the constitutionality of §§ 1373 and 1644 (*e.g.*, lack of standing, lack of capacity to sue, lack of a conflict between state and federal law, plaintiff's failure to plead a conflict with these provisions in his complaint), and

Hon. Gary L. Sharpe
November 26, 2019
Page 2 of 2

thus the Court need not reach the constitutional question in order to grant defendants' motion for judgment on the pleadings.

    Thank you for your consideration in this matter.

                                      Respectfully submitted,
                                             /s/
                                      Linda Fang
                                      Assistant Solicitor General
                                      (212) 416-8656


cc:     Counsel for plaintiff (via ECF)

# EXHIBIT A



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

BARBARA D. UNDERWOOD
SOLICITOR GENERAL
DIVISION OF APPEALS & OPINIONS

November 26, 2019

**BY CERTIFIED U.S. MAIL**

United States Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

United States Attorney's Office
Northern District of New York
445 Broadway, Room 542
Albany, NY 12207

Re:  Notice pursuant to Federal Rule of Civil Procedure 5.1(a)(1)(A)
     *Merola v. Cuomo et al.*, No. 19-cv-899 (GLS) (N.D.N.Y.)

Pursuant to Federal Rule of Civil Procedure 5.1(a), notice is hereby provided that defendants in the above-referenced action pending in the Northern District of New York, *Merola v. Cuomo et al.*, have raised the question of whether 8 U.S.C. §§ 1373 and 1644 violate anti-commandeering prohibitions under the Tenth Amendment of the U.S. Constitution.

Enclosed is a copy of defendants' memorandum of law in support of their motion for a judgment on the pleadings, which raises the constitutional question, as it was filed with the district court.

Sincerely,
/s/
Linda Fang
Assistant Solicitor General
(212) 416-8656
Linda.Fang@ag.ny.gov

Enclosures