**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**FRANK J. MEROLA,**

                **Plaintiff,**

v.

**ANDREW M. CUOMO et al.,**

                **Defendants.**
_____

**1:19-cv-899
(GLS/TWD)**

## SUMMARY ORDER

Pending before the court is plaintiff Frank J. Merola's motion for reconsideration of the court's Memorandum-Decision and Order, (Dkt. No. 38), which granted a motion to dismiss filed by defendants Andrew M. Cuomo, Letitia A. James, and Mark J.F. Schroeder, dismissed the complaint, and denied Merola's motion for a preliminary injunction, (Dkt. No. 36).[1]  Merola contends that the court "overlooked controlling case law, which demonstrates that the Supremacy Clause implicitly acts as a constitutional proscription against the implementation and enforcement of preempted state law by state officials like . . . Merola." (Dkt. No. 38,

---

[1] Within his notice of motion, Merola also seeks prospective permission to file a reply in further support of his motion. (Dkt. No. 38 at 2.) That request, which is unsupported by any reasons why a reply is necessary, is denied.

Attach. 2 at 1.)  According to Merola, this oversight amounts to "a clear error of law." (*Id.*)  More specifically, Merola argues that the court was mistaken to fault him for failing to cite legal authority to support the notion "that the Supremacy Clause operates as a constitutional proscription." (*Id.* at 2.)  In an effort to be genteel, Merola suggests that the court's errors were "perhaps" the result of complex and voluminous arguments, a shortened briefing schedule, and the additional briefing filed by amicus curiae and the United States of America.  (*Id.* at 1, 2.)

Motions for reconsideration proceed in the Northern District of New York under Local Rule 7.1(g).[2]  "In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements."  *In re C-TC 9th Ave. P'ship v. Norton Co.*, 182 B.R. 1, 2 (N.D.N.Y. 1995).  Such motions "will generally be denied unless the moving party can point to

---

[2] Northern District of New York Local Rule 7.1(g) provides:

> Unless Fed. R. Civ. P. 60 otherwise governs, a party may file and serve a motion for reconsideration or reargument no later than **FOURTEEN DAYS** after the entry of the challenged judgment, order, or decree.  All motions for reconsideration shall conform with the requirements set forth in L.R. 7.1(a)(1) and (2).  The briefing schedule and return date applicable to motions for reconsideration shall conform to L.R. 7.1(b)(2). . . .  The Court will decide motions for reconsideration or reargument on submission of the papers, without oral argument, unless the Court directs otherwise.

controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The prevailing rule "recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *In re C-TC 9th Ave. P'ship*, 182 B.R. at 3 (citation omitted). "[A] motion to reconsider should not be granted where the moving party seeks solely to re[-]litigate an issue already decided." *Shrader*, 70 F.3d at 257.

As demonstrated in defendants' response, (Dkt. No. 39 at 1-3), Merola's arguments miss the point. While presented as an attempt to establish that reconsideration is necessary to correct a clear error of law, Merola is merely re-litigating an issue decided adversely to him and his motion is denied.

Accordingly, it is hereby

**ORDERED** that Merola's request for permission to file a reply (Dkt. No. 38 at 2) is **DENIED**; and it is further

**ORDERED** that Merola's motion for reconsideration (Dkt. No. 38) is **DENIED**; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

January 24, 2020
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge

4